URNER, CITY AUDITOR, ET AL. *v.* OUTCALT, A TAXPAYER.

358

(Decided December 10, 1928.)

*Mr. John D. Ellis,* city solicitor, and *Mr. Edward F. Alexander,* for plaintiffs in error.
*Mr. Dudley Miller Outcalt,* for defendant in error.

CUSHING, J.  January 7, 1928, defendant in error filed an amended petition in the court of common pleas of Hamilton county, stating that he is a taxpayer, and as such prosecutes this action against Henry Urner, auditor of the city of Cincinnati, and Stephen McGrath, treasurer of the city of Cincinnati, charging that Section 9573-1 (added by 112 Ohio Laws, 135), of the General Code, and Ordinance No. 1011, of the Code of Ordinances of the City of Cincinnati, are unconstitutional in that defendants, unless restrained, will certify and allow and pay out of the public funds of said city the premiums on the official bonds of the defendants; that the statute and ordinance discriminate unfairly between surety companies and individuals; that they interfere with the freedom and liberty to contract; and that such payment would constitute a misapplication of the public funds.

The answer admits that the section of the General

Code and the ordinance were enacted, as stated in the petition, and that, unless restrained, the defendants will allow and pay to lawfully authorized surety companies the premiums, in accordance with Section 1011 of the Code of Ordinances, and pleads that the city of Cincinnati is a municipal corporation organized under the laws of Ohio, enjoying all the powers of home rule allowed to municipal corporations by the Constitution of the state of Ohio, and that, under its home rule powers and its city charter, it is not subject to the provisions of Section 9573-1 of the General Code, that the provisions of law governing the payment of premiums on bonds of officials and employees of said city are governed entirely by the ordinances of the city of Cincinnati, and that the ordinance in question was passed by the council of the city of Cincinnati December 28, 1927, and became effective January 27, 1928.

The court of common pleas issued an injunction against the defendants, as prayed for in the amended petition, and this action is prosecuted to reverse that judgment.

The questions for determination are whether Section 9573-1, General Code, as added by 12 Ohio Laws, 135, and Ordinance 678-1927 (1011), are unconstitutional.

Section 665, General Code, in effect provides that a company, corporation, or association, when authorized by the laws of the state, and those laws have been complied with, may engage in an insurance business, or in the business of guaranteeing against liability, loss, or damage.

The ordinance in question provides: "The reasonable compensation payable to lawfully authorized

surety companies on the official bonds of city officers and employees shall be paid by the city, out of funds of the respective departments in which said officers and employees are employed or serve."

The state, before issuing a license to a company, corporation, or association, requires that certain deposits be made with the state, and such deposits shall at all times be sufficient to secure against loss. Neither the statute nor the ordinance in question requires an officer or employee to give a surety company bond. Both the statute and the ordinance provide for the payment of a premium on a bond issued by a lawfully authorized surety company, as provided in Section 665, General Code.

The language of the statute and the ordinance in question is to the effect that the reasonable compensation payable to lawfully authorized surety companies on official bonds of any city officer or employee shall be paid by the city out of the funds of the respective department in which such officer or employee is employed.

Following various sections prescribing the qualifications for surety companies is the following provision of Section 670, General Code: "The provisions herein relating to the superintendent of insurance shall apply to all persons, companies and associations, whether incorporated or not, engaged in the business of insurance."

The pertinent language of the statute and ordinance in question is: "Lawfully authorized surety companies." This does not limit the payment to a corporation, but authorizes the payment as provided in Section 670 to all persons, companies, and associations, whether incorporated or not, engaged in the business of insurance.

There is no claim that persons other than those giving the bonds selected the surety.

In this view of the law, and under the facts as presented, the claim that there was an unlawful discrimination between surety companies and individuals cannot be sustained.

On the question of the misapplication of public funds, the defendant in error cites the case of *State, ex rel.*, v. *Robins,* 71 Ohio St., 273, 73 N. E., 470, 69 L. R. A., 427, 2 Ann. Cas., 485. In that case the Supreme Court held that the statute which required all bonds of administrators in excess of $2,000 to be executed and guaranteed by a surety company or companies was unconstitutional. As stated by the court in the opinion, at page 294 (73 N. E., 471): "The issue raised here is whether the general assembly may make security by security companies exclusive and compulsory." The case at bar is clearly distinguishable from that case, in that the law provides that the reasonable compensation is payable to a lawfully authorized surety company. This does not in any way limit or prohibit the insured from presenting any bond that he desires.

The ordinance in question merely provides that, if a surety company bond is given, reasonable compensation therefor will be paid by the city out of the funds, etc.

It cannot be questioned that the state or municipality may require bonds to be given for the faithful performance of official or fiduciary duties, or for the faithful keeping, applying, and accounting for of funds or property, or for one or more of such purposes. The legislative branch of the government is vested with the power of taxation and disposal of

public funds, and the question here is whether or not the payment of reasonable compensation is within this power.

The statutes, regulations, and supervision of insurance and surety companies are such that it seems that the city, acting through its representative, the council, might well conclude that the expenditure of money of the character of payment on these surety bonds would be well justified. But this proposition goes to the question of legislative discretion, with which we are not now concerned.

The remaining question is whether the legislation interferes with the freedom and liberty to contract, and whether there was a misapplication of city funds.

Section 1 of Article I of the Constitution specifically guarantees to individuals, among other things, the right to contract. The general assembly and the council of the city of Cincinnati have the power and have created certain official positions. The city of Cincinnati, acting by authority of law, has created the positions of auditor and treasurer of the city. It has prescribed the method of selection of persons to those offices, the terms for which they shall be held, and the qualifications, among the latter the giving of a bond. The individual holding such position is not divested of any of his rights as an individual by complying with the law on accepting the office.

In this case neither the city officials, the city, nor the plaintiffs in error are complaining of the deprivation of any right to contract. A taxpayer, claiming to act on behalf of himself and other taxpayers, is insisting that these persons are deprived of their right to contract.

So far as the record is concerned, there is nothing to show that the plaintiffs in error, the persons giving the bonds, were deprived of any right or choice between classes of sureties. Neither the statute nor the ordinance deprives them of such choice. It only provides that, in case a surety company bond is given, the premium will be paid by the state or municipality. The choice of bondsmen is not taken from the official. That he may be influenced in such choice by the fact that the city pays the premium in one instance does not affect the legal situation.

We are of opinion that neither the section of the statute nor the ordinance contravenes any of the provisions of the Constitution. The judgment of the court of common pleas is therefore reversed, and the cause will be remanded to that court, with instructions to dismiss the petition.

*Judgment reversed.*

HAMILTON, P. J., and ROSS, J., concur.